UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BASIRU GBADAMOSI,

|  |  |  |
|---|---|---|
| | Plaintiff, | **COMPLAINT** |
| | | (Jury Trial Demanded) |
| -against- | | ECF CASE |
| | | 07 Civ. 11348 (SAS) (DCF) |

CITY OF NEW YORK, P.O. MAURO, Shield No.
9755, and P.O. VAN SLYCK, Shield No. 1202,

                                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Basiru Gbadamosi, by his attorney Scott A. Korenbaum, Esq., for his complaint, alleges as follows:

## INTRODUCTION

1.      Basiru Gbadamosi brings this action pursuant to, among other things, 42 U.S.C. § 1983, to redress the deprivation of his constitutional rights.  On April 19, 2007, defendant Police Officer Cara Lynn Mauro, Shield No. 9755, falsely arrested him, committed a battery during the effectuation of his arrest, and subjected him to an unlawful prosecution.

2.      Similarly, on May 17, 2007 Police Officer Kenneth Van Slyck, Shield No. 1202, falsely arrested Mr. Gbadomosi, committed a battery during the effectuation of his arrest, and subjected him to an unlawful prosecution.

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Gbadamosi's claims arise under federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims of Mr. Gbadamosi arising under the common law of the State of New York.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of occurred

in the State of New York, County of New York.

PARTIES

5.      Mr. Gbadamosi is a citizen of the United States.  He resides in the State of New York, County of New York.

6.      Defendant Police Officer Mauro, Shield No. 9755, was, at all times relevant herein, a member of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant herein, she was assigned to Midtown South.

7.      Upon information and belief, Mauro is still a member of the NYPD and is currently assigned to the 1st precinct.  At all times relevant herein, she was acting within the scope of her employment and under color of law.

8.      Defendant police officer Kenneth Van Slyck, Shield No. 1202, was, upon information and belief, a member of the NYPD.  Upon further information and belief, at all times relevant herein, he was assigned to the Midtown South Precinct.

9.      Upon information and belief, defendant Van Slyck is still a member of the NYPD and still assigned to the Midtown South precinct.  At all times relevant herein, he was acting within the scope of his employment and under color of law.

10.     Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York.  At all times relevant herein, it was the employer of defendants Gaven and Doe.

11.     On August 13, 2007, Mr. Gbadamosi filed timely Notices of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

12.    At least thirty days have elapsed since Mr. Gbadamosi filed the aforesaid Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

FACTS UNDERLYING THE COMPLAINT

The April 19, 2007 Incident

13.    Mr. Gbadamosi is a member of the clergy.  On April 19, 2007, at approximately 6:30 p.m., he was spreading the word of Jesus Christ while standing in the vicinity of the northeast corner of 42nd Street and 8th Avenue in Manhattan.

14.    While he was preaching the gospel, Mr. Gbadamosi was approached by police officer Mauro.  Even though he had been conducting himself legally (for example, he was not using an amplification device without a permit), defendant Mauro falsely accused him of blocking the front of a pizza place and ordered him to move to another corner.

15.    Mr. Gbadamosi politely protested Mauro's unauthorized order.  He tried to explain to her that a different officer had just ordered him to move from a different corner, which is why he situated himself where they were located.

16.    Mauro responded by saying if he did not move she would issue him a summons.  She then directed Mr. Gbadamosi to stand against the wall of a building and not to move while she issued him a summons.

17.    Ultimately, defendant Mauro issued Summons No. 429441105-3.  According to this summons, Mr. Gbadamosi was guilty of violating Penal Law § 240.20(5) (Disorderly Conduct) because he had blocked the flow of pedestrian traffic.

18.    Mr. Gbadamosi was required to appear in court on May 21, 2007. When he appeared in court that day, he was advised that the matter had been dismissed on May 14, 2007.

The May 17, 2007 Incident

19.    On May 17, 2007, at approximately 6:50 p.m., Mr. Gbadamosi was once again spreading the word of Jesus Christ in the vicinity of the northeast corner of 42nd Street and 8th Avenue in Manhattan.

20.    While he was preaching the gospel, Mr. Gbadamosi was approached by police officer Van Slyck. Even though he had been conducting himself legally, defendant Van Slyck ordered him to move to 42nd Street and 7th Avenue.

21.    Mr. Gbadamosi politely protested Van Slyck's unauthorized order. He tried to explain to him that it was too crowded at 42nd Street and 7th Avenue. In response, Van Slyck said that if he did not move he would arrest him for preaching the gospel.

22.    While they were speaking, defendant Van Slyck and his partner received a radio call regarding criminal activity. In response, they headed in the direction of Seventh Avenue.

23.    Approximately 30 minutes later, Van Slyck and his partner returned to 42nd Street and Eighth Avenue where they found Mr. Gbadamosi praying. While he was praying, Van Slyck approached Mr. Gbadamosi and said he was going to arrest him.

24.    Mr. Gbadamosi asked Van Slyck if he could finish praying. Van Slyck stated that he had told him to move, and because he did not move, he was arresting him. Van Slyck then rear-cuffed Mr. Gbadamosi and placed him in a police van.

25.    While Van Slyck placed handcuffs on Mr. Gbadamosi, he applied them in a manner that caused Mr. Gbadamosi a substantial amount of pain.

-4-

26.    About 30 minutes later, Van Slyck returned to the police van and placed a summons in Mr. Gbadamosi's pants pocket (while he was still rear-cuffed). Shortly thereafter, a police officer (not Van Slyck) removed the handcuffs from Mr. Gbadamosi and told him he was free to go.

27.    Summons No. 429441993-3 charged Mr. Gbadamosi with a violation of Penal Law § 240.20(5) (Disorderly Conduct), *i.e.*, blocking the flow of pedestrian traffic. It required him to appear in court on June 18, 2007.

28.    Mr. Gbadamosi appeared in court on June 18, 2007. When he appeared in court that day, he was advised that the case had been dismissed.

FIRST CLAIM FOR RELIEF
(Defendants Mauro and Van Slyck--False Arrest)

29.    Plaintiff Basiru Gbadamosi repeats and realleges the allegations contained in paragraphs 1 through 28, as if fully set forth herein.

30.    On April 19, 2007, and May 17, 2007, defendants Mauro and Van Slyck, respectively, seized Mr. Gbadamosi within the meaning of the Fourth Amendment.

31.    Neither Mauro nor Van Slyck had probable cause to believe that Mr. Gbadamosi had committed any crime. Put simply, Mr. Gbadamosi did not engage in any conduct that warranted his arrest and/or detention.

32.    As a result of these defendants' conduct, Mr. Gbadamosi was detained, and at all times he knew he was detained. Moreover, Mr. Gbadamosi did not consent to his confinement.

33.    Because neither defendant had probable cause to believe that Mr. Gbadamosi had committed a crime, the arrest and/or seizure of Mr. Gbadamosi was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

34.    As a result of his arrest by the individual defendants, Mr. Gbadamosi suffered physical and psychological injuries, and continues to suffer psychological harm.

### SECOND CLAIM FOR RELIEF
(All defendants--False Arrest)

35.    Plaintiff Basiru Gbadamosi repeats and realleges the allegations contained in paragraphs 1 through 34, as if fully set forth herein.

36.    As the employer of defendants Mauro and Van Slyck, defendant City is responsible for the injuries Mr. Gbadamosi suffered, and continues to suffers, as a result of these defendants' conduct pursuant to the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF
(Defendants Van Slyck and City--Battery)

37.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38.    On May 17, 2007, defendant Van Slyck, seized Mr. Gbadamosi within the meaning of the Fourth Amendment.  While handcuffing him, defendant Van Slyck touched Mr. Gbadamosi in a harmful and offensive manner.

39.    At all times relevant herein, defendant Van Slyck was acting within the scope of his employment.

40.    While handcuffing him, defendant Van Slyck applied them in a manner that caused Mr. Gbadamosi a substantial amount of pain.

41.    Mr. Gbadamosi did not consent or otherwise authorize defendant Van Slyck to touch him.

42.    As a result of the conduct of defendant Van Slyck, Mr. Gbadamosi suffered physical

-6-

and psychological harm, and continues to suffer psychological harm.

43.    As the employer of defendant Van Slyck, defendant City is responsible for the injuries Mr. Gbadamosi suffered, and continues to suffer, as a result of his conduct pursuant to the doctrine of *respondeat superior*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Gbadamosi prays for the following relief:

(a)    compensatory damages in an amount to be determined at trial;

(b)    punitive damages in an amount to be determined at trial;

(c)    reasonable attorneys' fees;

(d)    costs and expenses; and

(e)    such other and further relief as is just and proper.

Dated:  New York, New York
        December 18, 2007

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff Basiru Gbadamosi
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-0018

By:_____/s_____
        Scott A. Korenbaum (SK-8305)

-7-