UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BASIRU GBADAMOSI,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. MAURO, Shield No. 9755, and P.O. VAN SLYCK, Shield No. 1202,

                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 11348 (SAS)

JURY TRIAL DEMANDED

       Defendants City Of New York ("City"), Police Officer Cara Lynn Mauro, and Police Officer Kenneth Van Slyck, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint.

       2. Deny the allegations set forth in paragraph "2" of the complaint.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to place venue as stated therein.

       5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Police Officer Mauro is an employee of the City within the New York City Police Department.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Police Officer Mauro is an employee of the City within the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Police Officer Van Slyck is an employee of the City within the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Police Officer Van Slyck is an employee of the City within the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation under the laws of the State of New York. Additionally deny any knowledge of defendants Gaven and Doe.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that documents purporting to be a notices of claim were filed with the City.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that documents purporting to be a notices of claim were filed with the City and admit that no payment has been made by the City

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Officer Mauro issued plaintiff a summons.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Officer Mauro issued plaintiff summons 429441105-3 for violating Penal Law § 240.20(5) because he blocked the flow of pedestrian traffic.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was handcuffed and placed in a police vehicle.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was cited with violating Penal Law §240.20(5) for blocking the flow of traffic and issued summons 429441993-3.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "28", inclusive of this answer, as is fully set forth herein.

30. The allegations set forth in paragraph "30" of the complaint are legal conclusions, not averments of fact warranting a response.

31. The allegations set forth in paragraph "31" of the complaint are legal conclusions, not averments of fact warranting a response.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. The allegations set forth in paragraph "33" of the complaint are legal conclusions, not averments of fact warranting a response.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34", inclusive of this answer, as is fully set forth herein.

36. The allegations set forth in paragraph "36" of the complaint are legal conclusions, not averments of fact warranting a response.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36", inclusive of this answer, as is fully set forth herein.

38. The allegations set forth in paragraph "38" of the complaint are legal conclusions, not averments of fact warranting a response.

39. The allegations set forth in paragraph "39" of the complaint are legal conclusions, not averments of fact warranting a response.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. The allegations set forth in paragraph "43" of the complaint are legal conclusions, not averments of fact warranting a response.

44. Deny that plaintiff is entitled to any of the relief requested in the paragraphs immediately following paragraph "43," including subparts a-e.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

45. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

46. Defendants City Of New York ("City"), Police Officer Cara Lynn Mauro, and Police Officer Kenneth Van Slyck have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

49. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

### **AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

50. Plaintiff provoked any incident.

### **AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

51. Plaintiff cannot obtain punitive damages as against the City of New York.

### **AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

52. Police Officer Cara Lynn Mauro, and Police Officer Kenneth Van Slyck are entitled to qualified immunity from suit.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

53. Any purported detention and prosecution of plaintiff was privileged.

**WHEREFORE,** Defendants City Of New York ("City"), Police Officer Cara Lynn Mauro, and Police Officer Kenneth Van Slyck, respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 7, 2008

                                                      MICHAEL A. CARDOZO
                                                    Corporation Counsel of the
                                                    City of New York
                                                    Attorney for Defendants City Of New York,
                                                    Police Officer Cara Lynn Mauro, and Police
                                                    Officer Kenneth Van Slyck
                                                    100 Church Street
                                                    New York, New York 10007
                                                    (212) 788-0987

                                                    By:     /S/ Brian G. Maxey
                                                    BRIAN MAXEY (BM 0451)
                                                    Assistant Corporation Counsel

To:      Scott A. Korenbaum, Esq. (VIA ECF)
         Attorney for Plaintiff

07 CV 11348 (SAS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| BASIRU GBADAMOSI,<br><br>                                                                Plaintiff,<br><br>                       -against-<br><br>THE CITY OF NEW YORK, P.O. MAURO, Shield No. 9755, and P.O. VAN SLYCK, Shield No. 1202,<br><br>                                                                Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>  *Attorney for Defendants*<br>  *100 Church Street, 3-178*<br>  *New York, N.Y.  10007*<br><br>  *Of Counsel:  Brian G. Maxey*<br>  *Tel:  (212) 788-0987*<br>  *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .................................................., 2008 . . .*<br><br> *......................................................................Esq.*<br><br>*Attorney for..........................................................* |